In the Matter of the Claim of CARMELA SPERDUTO against NEW YORK CITY INTERBOROUGH RAILWAY COMPANY, Respondent.

THE STATE INDUSTRIAL COMMISSION, Appellant.

**Workmen's Compensation Law — state industrial commission — appeal — when notice sent by cashier of commission to self-insuring corporation to pay moneys into state insurance fund not a determination of the commission from which an appeal can be taken.**

1. Where a notice was sent by the cashier of the state industrial commission to a railway company, a self-insurer, under the Workmen's Compensation Law, that, pursuant to a resolution of the commission, adopted under the law (Cons. Laws, ch. 67, § 27, amd. by L. 1917, ch. 705), the company was required to pay into the state insurance fund a designated amount to meet future installments of death benefits awarded against the company, such notice is not a determination or decision of the commission from which an appeal can be taken.

2. The award could not be substantially changed, as proposed in this case, without notice to the parties interested and an opportunity given them to be heard. After such notice and opportunity, before a different method of payment could be fixed, the award previously made either had to be vacated or modified, and that could not be done by an omnibus resolution like the one adopted.

*Matter of Sperduto* v. *N. Y. C. Interborough Ry. Co.*, 186 App. Div. 145, appeal dismissed.

(Argued February 25, 1919; decided March 18, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered

January 9, 1919, reversing what it considered a determination of the state industrial commission.

The facts, so far as material, are stated in the opinion.

*Charles D. Newton*, Attorney-General (*E. C. Aiken* and *Robert W. Bonynge* of counsel), for appellant.

*Alfred T. Davison* and *Addison B. Scoville* for respondent.

McLAUGHLIN, J. The respondent is, and during the times referred to was, a self-insurer under the Workmen's Compensation Law. Some time prior to the 6th of March, 1918, one Angelo Sperduto, while in its employ, received an injury which resulted in his death, for which, on the 14th of March, 1918, an award of compensation was made to his widow and dependents. The award directed that certain payments be made, per week, to the widow during widowhood, and to the dependents during dependency.

On the 21st of May, 1918, the Commission passed a resolution to the effect that every mutual compensation insurance company and every self-insurer should, on or before July 31, 1918, pay into the state fund, as a special fund, under the terms of section 27 of the Workmen's Compensation Law, as amended by chapter 705 of the Laws of 1917, the present value as of that date of the future installments of death benefits under every award against such carrier for death occurring as a result of accident happening between July 1, 1917, and December 31, 1917, inclusive.

On the 28th of June following, the commission, by its cashier, sent to the respondent a notice which referred to the claim by number, and read, in part, as follows:

" GENTLEMEN.— Pursuant to the requirements of a resolution of the State Industrial Commission, dated May 21, 1918, you are hereby instructed to pay into the State Insurance Fund, under the terms of section 27 of

the Workmen's Compensation Law, the following amounts in respect of the above numbered award:

| | |
|---|---:|
| Net present value of future installments of compensation...................... | $5,456 11 |
| Loading for administration expense (4%).. | 218 24 |
| Total to be paid in................. | $5,674 35 |

" This amount is required to be paid on or before July 31, 1918."

After the receipt of this notice, the employer served a notice of appeal which read, in part, as follows:

" Please Take Notice that New York City Interborough Railway Company, the above named employer and self-insurer, hereby appeals to the Appellate Division of the Supreme Court, Third Judicial Department, from a decision and award of the State Industrial Commission, Bureau of Workmen's Compensation, made herein and dated June 28, 1918, whereby New York City Interborough Railway Company, the employer and self-insurer, is instructed to pay into the State Insurance Fund under the terms of section 27 of the Workmen's Compensation Law, the following amounts, in respect of this award." Then follow the amounts directed to be paid.

The Appellate Division considered the notice sent out by the cashier as a determination or decision and reversed it. The attorney-general appeals to this court.

Section 23 of the Workmen's Compensation Law (Cons. Laws, ch. 67) permits an appeal from an award or decision of the commission. This notice was neither. The appeal, therefore, presents nothing which this court can review and must be dismissed.

While the appeal does not bring up for consideration the validity of the resolution adopted May 21, 1918, we think, for the guidance of the commission, it is proper to

state that if it did, the same result would follow. The award made was in the nature of a judgment. It finally and conclusively determined the rights of the parties under the Workmen's Compensation Law. It could not be substantially changed, as proposed in this case, without notice to the parties interested and an opportunity given them to be heard. After such notice and opportunity, before a different method of payment could be fixed, the award previously made either had to be vacated or modified, and that could not be done by an omnibus resolution like the one adopted. In saying this, however, we do not mean to intimate that section 27, as amended by chapter 705 of the Laws of 1917, is a valid legislative enactment. That question is not before us and we do not consider it.

The appeal should be dismissed, without costs.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK and CRANE, JJ., concur; HOGAN, J., concurs in result.

Appeal dismissed.