Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of GEORGE KRAEMER, Respondent, for Compensation under the Workmen's Compensation Law, v. MERGENTHALER LINOTYPE COMPANY, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, July 7, 1921.

Workmen's Compensation Law — failure to file claim within one year waived by not raising objection before award made — effect of objection made on reconsideration by Commission on its own motion — when appeal does not lie from action taken by Commission on reconsideration — first award stands as final award — waiver of objection cannot be revoked — effect of findings made after award and waiver of objection — erroneous statement of deputy commissioner as to date of filing claim did not prejudice defendants.

The defendants waived any objection to the failure of the claimant to file his claim within one year from the date of the injury where they did not raise such objection prior to the making of the award.

The statement of the Commission made after reconsideration, on its own motion, of the conflicting evidence on the question of the claimant's disability for the purpose of determining whether it had been in error in making the award, that the case was " Closed on previous award," does not amount to an award or decision, since no evidence was taken and there was nothing before the Commission at the instance of any party which required determination or any action, and no determination in any legal sense was made, and no appeal could be taken therefrom.

Therefore, the first award stands as a final determination of the Commission unaffected by any subsequent occurrence and an objection made on

said reconsideration that the claim was not filed in time was not sufficient to raise the question.

*It seems,* that the defendants having waived their objection that the claim was barred by the statute, their waiver could not thereafter in any event be revoked.

The findings by the Commission, made after the award, which were subsequently modified to the effect that the defendants had waived the bar of the statute because they had not raised the objection within a reasonable time after the claim came on for hearing, are no part of the decision and not being necessary to sustain the award in that particular should be disregarded.

The erroneous statement by the deputy commissioner that the claim was filed in time, which was inadvertent and incidental to some other matter under consideration, did not mislead the defendants or influence their action, and if it did they should have asked for a rehearing before the Commission on affidavit or other evidence showing that they had been misled.

APPEAL by the defendants, Mergenthaler Linotype Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 20th day of August, 1920, and also from an award entered in the office of said Commission on the 9th day of December, 1920.

*Benjamin C. Loder* [*E. C. Sherwood* and *William B. Davis* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, J.:

The accident occurred September 12, 1918. The claim for compensation was not filed with the Commission within one year thereafter. It was, therefore, barred unless the bar of the statute was waived by the failure of the appellants to raise the question before the Commission on the hearing of the claim. (Workmen's Compensation Law, § 28, as amd. by Laws of 1918, chap. 634.) Several hearings were had and on August 20, 1920, the Commission made an award in favor of the claimant. From this award the first appeal herein was taken. It is conceded that no objection on the ground of the failure to file the claim had at that time been taken. If such

award is still in force the question cannot be raised on an appeal therefrom and such award must be affirmed.

After the appeal was taken from said award of August 20, 1920, the Commission of its own motion reconsidered the conflicting evidence on the question of the claimant's disability for the purpose of determining whether it had been in error in granting the award. It did not vacate or open the award or grant a rehearing or receive any evidence. Obviously no notice to the parties was necessary unless the Commission decided to take some action. But the parties appeared presumably in response to some notice and then for the first time the appellants raised the question that the claim had not been filed within one year after the accident. The Commission concluded that the award previously made was valid and took no action, thereon merely making the statement on December 9, 1920, " Closed on previous award." This statement has been miscalled an award or decision and from it the second appeal has been taken by the appellants. Clearly, this could not be the subject of an appeal. (See *Matter of Sperduto* v. *New York City Interborough R. Co.,* 226 N. Y. 73.) There was nothing before the Commission at the instance of any party which required determination or any action and no determination in any legal sense was made. There was merely the conclusion of the Commission that the situation required no further action. The award of August 20, 1920, stands as the final determination of the Commission unaffected by any subsequent occurrence. The appellants on August 20, 1920, when the award was made having waived their objection that the claim was barred by the statute it is doubtful whether their waiver could thereafter in any event be revoked. We need not, however, decide that question in view of the conclusion we here reach as to the nature and effect of the proceedings subsequent to August twentieth.

The Commission after the award of August twentieth made findings which it subsequently modified to the effect that the appellants had waived the bar of the statute because they had not raised the objection within a reasonable time after the claim came on for hearing. Of course the appellants had a right to take the objection at any time before an award was made and a waiver under the statute does not depend

on whether or not the objection is taken within a reasonable time. The findings, however, are no part of the decision, but may be made after an appeal has been taken therefrom. (Workmen's Compensation Law, § 23, as amd. by Laws of 1917, chap. 705.) Such was the practice here. The conceded fact is that the objection had not been taken when the award of August twentieth was made and the findings not being necessary to sustain the award in that particular should be disregarded.

On the hearing the deputy commissioner erroneously stated that the claim was filed November 7, 1918. This statement was inadvertent and incidental to some other matter under consideration. It is very clear that such inadvertent statement did not mislead the appellants or influence their action. If it did they should have asked for a rehearing before the Commission on affidavit or other evidence showing that they had been misled. But neither before the Commission was such claim made nor is it made on this appeal.

The award of August 20, 1920, should be affirmed, and the second appeal should be dismissed.

Award of August 20, 1920, unanimously affirmed, and the second appeal dismissed.