In the Matter of the PUBLIC SERVICE INTERSTATE TRANSPORTATION COMPANY, INC., Respondent, against PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Appellants.

(Argued February 8, 1932; decided March 3, 1932.)

*Russell B. Burnside* and *Charles G. Blakeslee* for Public Service Commission, appellant. On the record before it, it was the duty of the Public Service Commission to issue a certificate of public convenience and necessity to the petitioner. (*People ex rel. N. Y. C. & H. R. R. R. Co. v. Public Service Comm.*, 227 N. Y. 248; *People ex rel. N. Y. C. R. R. Co. v. Public Service Comm.*, 195 N. Y. 157.) No provisions of the Public Service Law, the Transportation Corporations Law or any other statute prohibits the Commission from granting a certificate of convenience and necessity for the furnishing of motor bus or other public utility service in territory where like service is being furnished. (Cons. Laws, ch. 64, § 244,

amd. L. 1929, ch. 642.) The Appellate Division could not substitute its judgment for that of the Public Service Commission in determining whether the action of the latter was reasonable or unreasonable. (*People ex rel. New York & Queens Gas Co.* v. *McCall*, 219 N. Y. 84; *Matter of Grade Crossings* [*N. Y. C. R. R. Co.*], 255 N. Y. 320.)

*Colley E. Williams* and *B. Meredith Langstaff* for Tappan and Nyack Bus, Inc., appellant. The Public Service Commission has both the power and the duty of granting a second certificate where the first certificate holder has disposed of its equipment, discharged its employees, abandoned the service, and thus indicated the discontinuance of a lawful service necessary to the public. (*People ex rel. New York & Queens Gas Co.* v. *McCall*, 219 N. Y. 84; *Matter of Niagara Falls Lighting Co.*, 2 P. S. C. Rep. 116; *Matter of Hibbard*, 1 P. S. C. Rep. [1922] 240.) The Public Service Commission may issue as many certificates as public convenience and necessity require. (*People ex rel. Depew & Southwestern R. R. Co.* v. *Board of Railroad Commrs.*, 4 App. Div. 259; *People ex rel. New York City & Westchester Ry. Co.* v. *Board of Railroad Commrs.*, 81 App. Div. 237; 176 N. Y. 577; *Matter of Rochester, Corning, Elmira Traction Co.* v. *Board of Railroad Commrs.*, 118 App. Div. 521; *Matter of Amsterdam, Johnstown & Gloversville R. R. Co.*, 86 Hun, 578.)

*Charles L. Craig* and *Ernest W. Hofstatter* for respondent. There was no evidence or finding of inadequacy of existing service or that public convenience and necessity would be served by the additional bus line. (*Matter of Amsterdam, Johnstown & Gloversville R. R. Co.*, 86 Hun, 578; *Choate* v. *Commerce Comm.*, 309 Ill. 248; *Coney Island Motor Bus Co.* v. *Public Utilities Comm.*, 115 Ohio St. 47; *Chicago, Rock Island & Pacific Ry.* v. *State*, 252 Pac. Rep. 849; *Lykins* v. *Public Utility Comm.*, 115

Ohio St. 376.) Duplication of certificates of public convenience and necessity for operation of motor buses is contrary to established law. Such certificate is never granted against the protest of an existing line rendering or capable of rendering such service as may be required. (*Matter of City of Long Beach* v. *Public Service Comm.*, 249 N. Y. 480; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Public Service Comm.*, 195 N. Y. 157; 227 N. Y. 248; *Matter of Wood*, 99 App. Div. 334; 181 N. Y. 93; *Matter of Auburn & Western Ry. Co.*, 37 App. Div. 162; *Matter of Empire City Traction Co.*, 4 App. Div. 103; *Matter of Amsterdam, Johnstown & Gloversville R. R. Co.*, 86 Hun, 578.)

CRANE, J. On April 28, 1926, the Northern Valley Bus Line, Inc., the respondent herein (before change of name), obtained from the Public Service Commission certificates of public convenience and necessity for the operation of motor buses running a local service over a route from Tappan to Nyack, in Rockland county. The route is entirely within the State of New York, and passes through and is designed to furnish service to the villages of Upper Nyack, Nyack, South Nyack, Grand View-on-Hudson and Piermont, and the hamlets of Sparkill and Tappan in the town of Orangetown. The length of the route is approximately seven and four-tenths miles. The town of Orangetown and the village of Grand View-on-Hudson brought themselves under the operation of sections 66 and 67 of the Transportation Corporations Law (Cons. Laws, ch. 63), so that the bus line became a common carrier within the meaning and operation of the law.

The service thereafter furnished by the Northern Valley Bus Line, Inc., became so unsatisfactory that repeated complaints were made to the village and town officials of the delays, change in schedules, and failure to operate. The corporation apparently either suspended all operation or else transferred all its rights to foreign

holdings not responsive to the direction of the Public Service Commission. Thereupon a new corporation was formed by former employees of the Northern Valley Bus Line, Inc., and took the name of Tappan and Nyack Bus, Inc. Having obtained the necessary consents from the towns and villages, application was made under section 53 of the Public Service Commission Law (Cons. Laws, ch. 48) for permission and approval to operate a bus line over the specified route. This application was opposed by the persons interested, by transfer or otherwise, in the Northern Valley Bus Line, Inc. The Public Service Commission held numerous hearings, at which much testimony was taken, being the return on the certiorari proceeding to review its ruling, and constituting the record in this case. The Commission granted the application, finding that the Northern Valley Bus Line, Inc., had suspended its operations and disposed of its property; that the new corporation, the Tappan and Nyack Bus, Inc., the petitioner, was in a position to furnish proper service, which was greatly needed. On appeal, by a divided court, this ruling of the Public Service Commission was set aside, its order annulled, and the petition of the applicant denied.

The necessity and convenience for a proposed bus or railroad line, and the giving of permission and approval to a common carrier to operate over it, are matters which rest in the discretion and good judgment of the Commission, and its determination is not to be interfered with by the courts unless it is arbitrary or contrary to law. The court cannot substitute its judgment for that of the Commission, but is limited to a determination whether the order of the Commission is in excess of its powers. (*People ex rel. New York & Queens Gas Co.* v. *McCall*, 219 N. Y. 84, p. 90; *Matter of Grade Crossings* [*N. Y. C. R. R. Co.*], 255 N. Y. 320.) We find no evidence in this record of an abuse of power or an arbitrary disposition of the matter by the Public Service Commission.

Some time prior to the application of the petitioner

herein, all the stock of the Northern Valley Bus Line, Inc., passed into the hands of one T. Wilson Van Middlesworth, who is the treasurer of the Public Service Co-ordinated Transport Co., — a New Jersey corporation,— and thereupon the operation of the line was turned over to the said transport company, which thereafter operated or attempted to operate over the route specified, without having obtained the consent of the Public Service Commission or a certificate of convenience and necessity required by law. These findings made by the Commission are amply supported by the evidence. Mr. Van Middlesworth testified that he was treasurer of the Public Service Co-ordinated Transport Co., and likewise treasurer of the Public Service Interstate Transportation Company of New Jersey, and president of the Public Service Interstate Transportation Company, Inc., of New York, and that the New York company had no operating employees and made no returns, as required by law, to the Public Service Commission. To quote him: "We [the New York company] do not operate the line. The actual operation was turned over to the Public Service Interstate Transportation Company by an operating contract. [This is the New Jersey company.] * * * The Interstate of New Jersey took over all the property of the New York corporation under the contracts we made with them."

Whether a common carrier can discharge all its employees, transfer or sell all its property, and by contract or lease turn over its franchises and its right to operate a bus line or railroad in this State to a foreign corporation, without the consent of the Public Service Commission (Transp. Corp. Law, §§ 65, 66, 67; Pub. Serv. Comm. Law, art. 3), we need not determine or pass upon, as the Commission has found, upon ample evidence, that necessity requires the granting of permission to the Tappan and Nyack Bus, Inc., to maintain a bus line between Upper Nyack and Tappan. Even if buses

are now running over the route under prior certificates of convenience and necessity, there is nothing in the law to prevent the Commission from granting the right to operate over the same highways, if the circumstances of the situation make it necessary and convenient for the public. (*Matter of Amsterdam, Johnstown & Gloversville R. R. Co.*, 86 Hun, 578; *People ex rel. Depew & Southwestern R. R. Co.* v. *Board of Railroad Commissioners*, 4 App. Div. 259; *Matter of Rochester, Corning, Elmira Traction Co.*, 118 App. Div. 521.)

This necessity the Commission has found and expressed in the following language: " It should be added that the record shows that the service afforded by the New Jersey corporation has not been satisfactory, and that for a time the area involved in the present proceeding was deprived almost entirely of the service of local buses, such local service as was furnished being furnished chiefly by certain through interstate buses operated by said corporation, which buses were insufficient to take care of both interstate and local business; and although the service of local buses was subsequently restored, the record indicates that the restoration of such service was not effected voluntarily but only ' under prod of anticipated competition.' *   *   * "

The evidence supports these findings of the Commission to the extent, at least, of showing that its action in granting the petitioner's application was not arbitrary or so unreasonable as to show an abuse of discretion.

For these reasons the order of the Appellate Division should be reversed and the determination of the Public Service Commission confirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.