In the Matter of NEW YORK CENTRAL ELECTRIC CORPORATION, Appellant, against PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents.

(Argued March 12, 1934; decided April 17, 1934.)

*E. B. Naylon, Joseph W. Buck* and *Jesse J. Holland*
for appellant. The order granting permission to the
Southern Tier Gas Corporation to distribute gas in the
designated towns was beyond the power and authority
of the Commission conferred by law and is illegal.

(*Village of Saratoga Springs* v. *Saratoga Gas Co.*, 191 N. Y. 123; *Crowell* v. *Benson*, 285 U. S. 22; *People ex rel. Judge* v. *Pub. Serv. Comm.*, 192 App. Div. 837; *Interstate Commerce Comm.* v. *Louisville & Nashville R. R. Co.*, 227 U. S. 88; *Philadelphia R. T. Co.* v. *Pub. Serv. Comm.*, 78 Pa. Sup. Ct. 593; *State of Washington ex rel. Oregon R. R. Co.* v. *R. R. Commissions*, 224 U. S. 510.)

*Charles G. Blakeslee* and *John T. Ryan* for respondent. The Public Service Commission has authority to permit a gas corporation to furnish service in a municipality although another corporation may already have the same right. (Cons. Laws, ch. 48, § 68; *Matter of Public Serv. Interstate Transp. Co.* v. *Pub. Serv. Comm.*, 258 N. Y. 455.) The record supports the Commission's finding that the construction of a gas transmission and distribution line by Southern Tier Gas Corporation was necessary or convenient for the public service. (*Trustees of Union College* v. *City of New York*, 65 App. Div. 553; 173 N. Y. 38.)

LEHMAN, J. In May, 1932, the Southern Tier Gas Corporation applied to the Public Service Commission for its permission to construct and maintain a gas pipe line from the " Rathbone field in the Town of Rathbone, Steuben County, New York, across the Towns of Rathbone, Cameron, Thurston and Bath," and to distribute natural gas to domestic consumers along said line. The petition alleged that the four towns of Bath, Thurston, Cameron and Rathbone had granted consent to the petitioner to lay a gas main in, along, through, under or over their public streets and highways, and that the petitioner had entered into a contract with the village of Bath to supply natural gas to the village for a period of ten years for distribution by the village through its municipal system. The " consents " of the four towns through which the proposed pipe line would pass were annexed to the petition. These " consents " were in

fact franchises not only for the construction of a pipe line but for the distribution of gas.

The Public Service Commission held hearings upon the application. New York Central Electric Corporation appeared at these hearings to oppose the application. It held franchises for the construction of gas plants and the distribution of gas to the general public in the towns of Bath and Cameron. These franchises had been approved by the Public Service Commission. New York Central Electric Corporation also held similar franchises granted by the towns of Rathbone and Thurston, and applications were pending for the approval of the Commission. It held no franchise for the distribution of gas in the village of Bath. Permission granted by the Public Service Commission to another company to distribute gas in the territory in which New York Central Electric Corporation held franchises would directly affect the value of its franchises; permission granted to another company to construct a gas main through that territory for distribution of gas in a village where New York Central Electric Corporation held no franchise would have no such direct result.

The opinion of the Public Service Commission rendered after the hearings sets forth: " The applicant itself does not desire to distribute gas in any portion of the franchise territory except the village of Bath and has so limited the prayer of its application. The gas is to be distributed and sold by the village of Bath." The record shows that the application was so limited. No evidence was presented to show that distribution of gas by the applicant in any territory outside of the village of Bath was " necessary or convenient for the public service." (Public Service Law; Cons. Laws, ch. 48, § 68.) Opposition to the application was based upon the claim that permission granted to the applicant, to construct mains for the transmission of gas to the village of Bath and its distribution there, was neither necessary nor convenient. Evi-

dence upon that point was presented to the Commission. There was no hearing, except upon an application so limited, and there is nothing in the opinion of the Commission which even suggests that it considered or determined any other matter. The order of the Commission goes further. It grants the permission and approval of the Commission to the exercise by Southern Tier Gas Corporation of all the rights and privileges under the franchises granted by the towns of Thurston, Rathbone, Cameron and Bath.

To the extent that these franchises include the right to distribute gas in these towns, the order of the Public Service Commission is invalid. Its invalidity is not due to the fact that the New York Central Electric Corporation has a competing franchise in that territory in the same towns. The law does not prevent these towns from granting similar franchises to several corporations or the Public Service Commission from granting its permission or approval to the exercise by each of these corporations of any of the rights and privileges under the franchises so granted, " if the circumstances of the situation make it necessary and convenient for the public." (*Public Service Interstate Transportation Co.* v. *Public Service Comm.*, 258 N. Y. 455, 461.) The power of the Commission to give such permission and approval is broad but not arbitrary. It may be exercised only where there is a determination " after due hearing." (Public Service Law, § 68.) To the extent that the order exceeds the scope of the hearing upon the application and is not supported by evidence, the order exceeds the jurisdiction of the Commission. There lies its essential vice.

We are told that evidence to support the Commission's determination that the exercise of a franchise to distribute gas to the towns of Cameron, Thurston and Rathbone is necessary and convenient may be found in the fact that these towns granted such a franchise to the Southern Tier Gas Corporation a few months after they had granted a

similar franchise to the New York Central Electric Corporation. The State prohibits the exercise of a right or privilege under a franchise until there has been an independent determination by the Public Service Commission after "due hearing." The Commission is not permitted to substitute the discretion of the municipal authorities for its own determination.

The determination of the Commission properly arrived at after due hearing that the application of the Southern Tier Gas Corporation for the construction of a gas transmission line is necessary and convenient for the public service is valid. The permission to exercise the privilege under its franchises to distribute gas in the towns of Rathbone, Cameron, Thurston and Bath is invalid. The invalid portions are separable from the valid. If after "due hearing" it shall appear that exercise by the Southern Tier Gas Corporation of *all* the rights and privileges under its franchises granted by those towns is necessary and convenient, the Commission may hereafter grant its permission or approval. The entire course of the proceedings, including the opinion of the Commission, demonstrates that its approval of the application as limited at the hearings was not conditioned upon any exercise of the wider rights or privileges.

The order should be modified in accordance with this opinion and as so modified affirmed, with costs to the appellant.

Pound, Ch. J., Crane, O'Brien, Hubbs and Crouch, JJ., concur; Kellogg, J., not sitting.

Ordered accordingly.