In the Matter of the Claim of ELEANOR M. BROPHY, Claimant, against THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Employer and Non-Insurer, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 11, 1934.

*Timerman & Timerman* [*Manly Fleischmann* and *Newell H. Timerman* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor-General, Joseph A. McLaughlin* and *John R. O'Hanlon, Assistant Attorneys-General,* of counsel], for the respondent.

HILL, P. J. The Industrial Board has assumed jurisdiction to determine the right of a non-insured employer to have returned a portion of a commuted award paid into the aggregate trust fund, created and held under section 27 of the Workmen's Compensation Law. The award was for the benefit of a widow and she remarried within about three months after the payment into the fund. This appeal on stipulated facts is from a decision by the Board denying the application on the merits. Appellant, on September 27, 1932, paid $7,865.75 into the fund on account of an award of $10.386 weekly made in November, 1931, to the widow of Arthur J. Brophy. The weekly award was affirmed on May 12, 1932. In June an appeal was taken to this court by the employer. "Subsequently this appeal was discontinued by consent." No payments were made prior to September 22, 1932. On that date a notice entitled "Important Notice to Non-Insured Employer" was mailed by the Department of Labor to appellant calling attention to the decision of November, 1931. The notice continued: "You will please take notice that unless the said award is paid on or before the first day of October, 1932, that judgment against you will be entered in the office of said county clerk for the sum of $7,865.78, together with the penalty of 20% as prescribed by law, and execution issued to the sheriff without further notice to you." This was accompanied by a paper entitled, "Notice of Decision in Death Case." It also referred to the November, 1931, decision and contained the following: "The present value of the above award is $7,633.79 as of 10/1/32 under Section 27, for payment into the Aggregate Trust Fund, assuming

that no compensation has been paid. $200 allowed for funeral expenses." It appears from the stipulated facts that "prior to September 22nd, 1932, the employer had not been notified that the Industrial Board intended to order commutation of the payments due under the award or payment into the Aggregate Trust Fund. No mention of any such proposed order was made at any hearing prior to September 22nd, 1932, and the employer did not receive notice in any manner, by its attorney, or otherwise, until the receipt of Exhibits No. 1 and No. 2 on the day last mentioned." (Exhibits No. 1 and No. 2 are the notices quoted in part.) The decision of the Board under findings dated July 20, 1933, from which this appeal is taken, contains a finding of fact that the Board by a decision dated September 12, 1932, commuted the award and found the value to be $7,633.79. Nothing in the agreed statement of facts sustains that finding. As the notices of September 22, 1932, refer only to the decision of November, 1931, which made the weekly award of $10.386, the inference seems to follow that no other decision or award had been made prior to September 22, 1932.

The questions raised upon this appeal involve the constitutionality of section 27; the power and jurisdiction of the Industrial Board to require payments into the aggregate trust fund without a hearing or formal decision and without notice to the employer; whether the payment by the employer was made through an error of law or one of fact, and whether it was voluntary or under duress.

While it is stated in *Matter of Sperduto* v. *N. Y. City Inter. R. Co.* (226 N. Y. 73) that the constitutionality of section 27 was not before the court and not considered, questions of procedure and the propriety of commutations made thereunder have been discussed in several cases upon the theory that it was a constitutional portion of the Workmen's Compensation Law when properly applied. (*Wagner* v. *Wilson & Co.*, 251 N. Y. 67; *Adams* v. *N. Y., O. & W. Ry. Co.*, 175 App. Div. 714; affd., 220 N. Y. 579; *Matter of Pettinelli* v. *Degnon Contracting Co.*, 218 App. Div. 7.) Under such conditions and without further discussion, we determine the section to be constitutional.

The jurisdiction of the Board to require commutation under a general rule and without notice to the employer has been the subject of judicial comment. In *Matter of Sperduto* (*supra*) the cashier of the Industrial Board, pursuant to a general resolution, sent notices comparable with those sent appellant. The opinion comments: "The Appellate Division considered the notice sent out by the cashier as a determination or decision and reversed it. The Attorney-General appeals to this court.

" Section 23 of the Workmen's Compensation Law (Cons. Laws, ch. 67) permits an appeal from an award or decision of the Commission. This notice was neither. The appeal, therefore, presents nothing which this court can review and must be dismissed.

" While the appeal does not bring up for consideration the validity of the resolution adopted May 21, 1918, we think, for the guidance of the Commission, it is proper to state that if it did, the same result would follow. The award made was in the nature of a judgment. It finally and conclusively determined the rights of the parties under the Workmen's Compensation Law. It could not be substantially changed, as proposed in this case, without notice to the parties interested and an opportunity given them to be heard. After such notice and opportunity, before a different method of payment could be fixed, the award previously made either had to be vacated or modified, and that could not be done by an omnibus resolution like the one adopted."

This case followed the earlier case of *Adams* v. *N. Y., O. & W. R. Co.* (*supra*).

Section 27 gives the Board authority " in its discretion " to commute periodical payments into a lump sum to be paid into the aggregate trust fund. The discretion which the Board exercises must be reasonable and not arbitrary or capricious. The appellant was entitled to notice if the Board contemplated a consideration of the question of commutation and to an opportunity to offer proof on the issue. Without this the Board had no jurisdiction. (*New York Central Electric Corp.* v. *Pub. Serv. Comm.*, 264 N. Y. 230.) This omission was substantial, for had it appeared that the claimant was very shortly to be married (she was in fact married within about three months) commutation would have been arbitrary and capricious. (*Pettinelli* v. *Degnon Contracting Co., supra.*)

We must determine whether appellant, with knowledge that the demand by the State was illegal, made payment without resistance and voluntarily. Voluntary payment might indicate consent. If the widow had remained single and had lived to an extreme age, the lump payment might have been a financial advantage, as it would have foreclosed further demands. (*Peyser* v. *Mayor*, 70 N. Y. 497.)

The payment was not voluntary if made to avoid onerous penalties. The " Important Notice to Non-Insured Employer " of September, 1932, had no relation to a payment into the aggregate trust fund under section 27. In fact, it is difficult to find justification for it. There is statutory authority in section 26 for the Commissioner, upon default in the payment of an installment, to declare the entire award due and to enter judgment in the county clerk's

office, and from this judgment there would be no appeal. There is no statutory justification for the threat that the judgment would be for the award and twenty per cent thereof as a penalty. Section 25 provides: " If the employer or his insurance carrier shall fail to make payments of compensation according to the terms of the award within ten days thereafter, except in case of an appeal, there shall be imposed a penalty equal to twenty per centum of the unpaid compensation which shall accrue to the benefit of the injured workman or his dependents and shall be paid to him or them." The " unpaid compensation " as of September 21, 1932, was less than $500. It would be upon that amount of money only that the penalty of twenty per cent would be computed. The " Important Notice " did not state the place where payment could be made to avoid the threatened penalty. That information was contained in the " Notice of Decision." " The present value of the above award is $7,633.79 as of 10/1/32 under Section 27, for payment into the Aggregate Trust Fund, assuming that no compensation has been paid." The payment was involuntary. (*Adrico Realty Corp.* v. *City of New York*, 250 N. Y. 29.)

The question whether the payment was made under a mistake of law or one of fact is troublesome. The law that applied to the payment is found in section 27, that the Board " may, in its discretion " change its earlier award by making a new one. (*Matter of Sperduto, supra.*) Appellant's mistake was an assumption that the Board had exercised its discretion, having authority so to do, and after the consideration of facts justifying such a decision. This was a mistake of fact.

The Court of Appeals in *Matter of Sperduto* (*supra*) has stated that commutation involves a substantial change from periodical payments and may not be made " without notice to the parties interested and an opportunity given them to be heard " and may not be made until the previous periodical award has been vacated or modified. The facts here indicate a violation of this plain and explicit authority.

The jurisdiction of the Board to pass upon the rights between the employer and the State has not been questioned. " The Board shall have full power and authority to determine all questions in relation to the payment of claims presented to it for compensation under the provisions of this chapter." (Workmen's Comp. Law, § 20.) " An award or decision of the board shall be final and conclusive upon all questions within its jurisdiction, as against the State fund or between the parties, unless reversed or modified on appeal therefrom as hereinafter provided." (Workmen's Comp. Law, § 23.) These provisions, as construed by *Royal Indemnity Co.* v.

*Heller* (256 N. Y. 322) and *Barone* v. *Ætna Life Ins. Co.* (260 id. 410), give the Board power to determine the questions here presented.

The decision of the Industrial Board should be reversed and the matter remitted for a decision as to the unexpended remainder from appellant's payment in the State fund to the credit of the aggregate trust fund, and for a direction that it be refunded to appellant.

McNAMEE, CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Decision reversed, and matter remitted to the State Industrial Board for action in accordance with the opinion, with costs against the Board.