In the Matter of ALERT COACH LINES, INC., Petitioner, v

FRANKLIN E. WHITE, as Commissioner of the Department of Transportation of the State of New York, et al., Respondents. —Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Transportation which granted temporary authority to respondent E.B.T., Inc. to operate a bus line.

Respondent County of Suffolk (hereinafter the County) contracted with petitioner in 1981 to provide bus service between Amityville and Huntington over a route (hereinafter denominated Route S-1) developed by the County as part of an evolving comprehensive mass transit plan. In 1985, dissatisfied with petitioner, which it had been subsidizing, the County ended its subsidization and contracted instead with respondent E.B.T., Inc. (hereinafter EBT). Petitioner, which had been providing service over Route S-1 pursuant to a permanent certificate of public convenience and necessity issued to it in 1981, continued to do so without a subsidy but challenged the issuance by respondent Department of Transportation (hereinafter DOT) of a temporary certificate of public convenience and necessity to EBT, asserting that there was no "immediate or urgent need" for EBT's service and, further, that the service EBT had been retained to perform could not be characterized as being for the purpose of an "experiment or demonstration" as required by Transportation Law § 153 (2). Following a hearing, an Administrative Law Judge (hereinafter ALJ) found that since petitioner was indeed providing service there was no immediate or urgent need for EBT to serve the route and referred obliquely to the latter's improbable status as an experiment, but concluded, nevertheless, that a temporary certificate was appropriate. Upon petitioner's ensuing administrative appeal, DOT's Hearing Bureau Director explained that the County's engagement of EBT was properly classified as an experiment because it constituted a test of "a new entrant in terms of quality and cost", the results of which are "currently inconclusive". This CPLR article 78 proceeding was then initiated by petitioner.

Resolution of this controversy turns on the interpretation of Transportation Law § 153 (2). In pertinent part that statute declares that respondent Commissioner of Transportation may issue a temporary certificate of public convenience and necessity to operate as a common carrier of passengers "for the purpose of experiment or demonstration when the commissioner is of the opinion that such action is required by the

public interest". Bearing in mind the axiom that courts are to defer to agencies in the construction of statutes within their expertise, if the construction is not irrational *(Matter of Johnson v Joy,* 48 NY2d 689, 691), we endorse the Commissioner's decision.

Petitioner relies primarily on the ALJ's observation that "experiment or demonstration" usually apply to a new service instituted by a carrier and that it could be said that bus service on Route S-1 is no longer in the experimental stage since it has been in existence since 1981. But, being the agency responsible for making the final determination, DOT was not bound by the ALJ's findings or, in this instance, his discourse *(see, Matter of Tri-State Ambulance Serv. v State of New York Dept. of Health,* 114 AD2d 546, 548). Furthermore, as DOT made clear, although the service is not new, the County is experimenting with a new provider. In light of the monopoly that would be created, it would be unreasonable to find that the existence of a licensed carrier precludes resort by the County to a different carrier when the County in good faith is disillusioned with the current carrier's performance *(see, Matter of Public Serv. Interstate Transp. Co. v Public Serv. Commn.,* 258 NY 455, 460-461).

Although EBT is now in its third year of providing service over Route S-1 under sanction of a temporary certificate, we are not prepared to say that in the circumstances presented this is an unreasonably long period of time over which to conduct an experiment.

Determination confirmed, and petition dismissed, without costs. Weiss, J. P., Yesawich, Jr., Levine and Harvey, JJ., concur.