16334

JEFFORDS v. JEFFORDS

(58 S. E. (2d) 731)

*Mr. George W. Keels,* of Florence, *for Appellant,*

*Mr. Sidney S. Tison, Jr.,* of Hartsville, *for Respondent,*

April 4, 1950.

STUKES, Justice.

The complaint in this action by husband against wife is in proper form for divorce on the ground of desertion. It appears from the agreed statement in the transcript for appeal that a former action by the wife against the husband for separate support and maintenance was concluded by order dated May 12, 1949, which held that the wife had deserted her husband without just cause or excuse after about two years of marriage; and appeal from that judgment was dismissed on July 16, 1949. The present action was commenced on the ensuing August 9th.

The answer originally included effort by the defendant to reopen the prior judgment but that was abandoned by motion of the defendant to amend by striking and inserting in lieu the following: "That on information and belief the conduct of the plaintiff with a woman or women other than his lawful wife has been such that would deprive him of a divorce on his own volition."

The motion to so amend was granted and this appeal therefrom was taken upon exceptions which challenge the sufficiency of the quoted allegations to constitute a defense.

There is another branch of the appeal, which will be first decided. Upon filing of the verified answer, defendant obtained from the court a rule against the plaintiff to show cause why he should not be required to pay to the defendant a reasonable amount for attorney's fees. By way of return plaintiff set up the judgment in the former action between the parties and that he had been required to pay the fee of the attorney for the defendant in that action in which all issues now attempted to be presented were decided, or should have been decided, against the present defendant, who was plaintiff in the former action.

The court held without discussion that the defendant was entitled to an award for counsel fees and fixed $200.00 as a reasonable amount, which plaintiff was ordered to forthwith pay to the attorney for the defendant. Appeal is prosecuted from the order.

Section 8 of Act No. 137 of 1949, entitled "An Act To Provide and Regulate The Granting Of Divorces," etc., 46 Stat. pages 216, 217, is as follows: "In every action for divorce from the bonds of matrimony, the wife, whether she be plaintiff or defendant, may in her complaint or answer by petition pray for the allowance to her of alimony and suit money, and for the allowance of such alimony and suit money *pendente lite*; and, if such claim shall appear well founded, the court shall allow a reasonable sum therefor."

Sec. 1 of the Act provides that divorce actions shall ▬ be cognizable only in equity. The quoted sec. 8 appears to be merely an enactment of the rule which had already crystallized in our former decisions with respect to suits for alimony. While the allowance of such *pendente lite* and the allowance of suit money or attorney's fees is within the discretion of the court, the power should not be exercised unless the wife establishes a *prima facie* right thereto. S. C. cases collected in 18 S. E. Dig & Supp., Husband & Wife, 295. Here the existence of the former judgment appears to be *prima facie contra.* There are no children of the marriage and it is inferable from the allegations of her answer that the wife is gainfully employed. *Armstrong v. Armstrong,* 185 S. C. 518, 194 S. E. 640.

The order allowing an attorney's fee *pendente lite* against plaintiff is reversed. However, this will not preclude the defendant from renewing her application for suit money if the affirmative defense hereinafter discussed be properly alleged and *prima facie* showing is made that it is well founded. 17 Am. Jur. 452, sec. 570. 27 C. J. S., Divorce, pp. 912, 913, § 217; pp. 922, 923, § 222.

Reverting to the feature of the appeal first mentioned, ▮ in view of the former judgment it must be presumed that the amendment to the answer, quoted *supra,* has reference to the conduct of plaintiff since the separation, which latter the court held resulted from defendant's desertion of her husband (the plaintiff here) without just cause or excuse. It appears by liberal construction (Code sec. 477) to be an inadequate attempt to set up the defense of recrimination. 17 Am. Jur. 267 *et seq.,* sec. 233 *et seq.*; 27 C. J. S., Divorce, p. 623, § 67. Annotations: Ann. Cas. 1917A, 177; L. R. A. 1915E, 972; 25 A. L. R. 1051; and 101 A. L. R. 646. The editor states at the outset of the latter, the following: "It has been generally held that a libelee (defendant) charged with desertion or cruelty may plead in recrimination, for the purpose of defeating the grant of any divorce, that

libelant (plaintiff) has been guilty of adultery after the alleged desertion or curelty, inasmuch as the libelant in such a case does not come into court with clean hands, or at least is regarded as precluded, by his or her own guilty conduct which is itself a ground of divorce, from relying upon the libelee's guilt with respect to the other cause of divorce."

Under the authorities collected in the cited annotations it appears (although we need not now, and do not, decide the point) that by the weight of authority recrimination constitutes a defense to an action for divorce if the acts of recrimination charged (and proved) constitute in themselves a ground or grounds for divorce, and the order in time of them is unimportant. The grounds for divorce in this State are listed in sec. 2 of our Act 46 Stat. at page 216. One of the grounds in adultery. See *Brown v. Brown,* 215 S. C. 502, 56 S. E. (2d) 330.

The general rule of recrimination as a complete defense is subject to exceptions, particularly in the modern trend of the decisions in some jurisdictions. Annotation, 170 A. L. R. 1076. As indicated above, we prefer, in the absence of necessity in this interlocutory appeal, to refrain from the decision of issues which should better be determined after considered judgment of the trial court and in the light of full arguments.

Because of the inadequacy of the allegations of the amendment to the answer which was allowed by the lower court, the order will have to be reversed. However, under the circumstances and in view of assertions in the brief, we are constrained to permit another application to amend the answer, if defendant is so advised and moves the Court of Common Pleas for leave to further amend within twenty days after the filing of the remittitur in the lower court.

The result of the foregoing is to reverse the order whereby the payment *pendente lite* of an attorney's fee to defendant was required and also to reverse the allowance of the amendment to the answer, which has been discussed, with leave to

defendant to move again to amend; but our judgment does not finally determine any facts or otherwise affect the merits of the controversy.

Reversed and remanded.

FISHBURNE, TAYLOR and OXNER, JJ., and L. D. LIDE, A. A. J., concur.

BAKER, C. J., not participating.