STATE *ex rel.* CURTIS B. TRENT, JR., *etc.*

*v.*

GEORGE W. PRITT

(CC 764)

Submitted April 18, 1950. Decided June 6, 1950.

*John F. Bronson, Geo. W. Singleton,* for plaintiff.

*Milford L. Gibson, Wayne K. Pritt, Jacob S. Hyer,* for defendant.

RILEY, JUDGE:

In this certified case of State of West Virginia, ex rel., Curtis B. Trent, Jr., against George W. Pritt, filed in the Circuit Court of Preston County, the plaintiff seeks in a notice of motion for judgment proceeding to recover from the defendant the sum of $4,376.54, with interest, representing a compensation award paid to defendant from the workmen's compensation fund under an alleged mistake as to the law governing defendant's employment and a question of fact as to the nature of plaintiff's employment with the West Virginia Northern Railroad Company, at the time of defendant's alleged injury on a basis of which the erroneous payment was made.

In support of plaintiff's motion for judgment, an order of attachment on the West Virginia Northern Railroad Company was obtained, which railroad answered that at the time the attachment was served upon it, it was indebted to the defendant in a specified amount in excess of plaintiff's claim. The circuit court sustained defendant's demurrer to plaintiff's notice of motion for judgment and defendant's motion to quash the affidavit and order of attachment, reserved to plaintiff leave to amend the same, and certified the case to this Court.

The notice and affidavit in support thereof are entitled "State of West Virginia ex rel., Curtis B. Trent, Jr., State Compensation Commissioner vs. George W. Pritt". The notice states that the plaintiff will move for judgment against the defendant at a specified time in the amount of $4,376.54 with interest from June 2, 1949, until paid, representing $2,610.00 for benefits and $1,766.54 for medical expenses paid to or on account of defendant, from the workmen's compensation fund in the following alleged circumstances:

That on April 10, 1946, defendant filed a claim for compensation benefits with the workmen's compensation department, for injuries received by him on March 7, 1946, as an employee of the West Virginia Northern Railroad Company, then a subscriber to the workmen's compensation fund:

That on May 2, 1946, defendant's claim was determined compensable and he was awarded compensation on a temporary total disability basis for a period of 145 weeks, from March 7, 1946, to December 15, 1948, inclusive:

That, notwithstanding such allowance of benefits, defendant obtained a judgment against the West Virginia Northern Ralroad Company for damages in the amount of $20,000.00 in an action instituted in the Circuit Court of Preston County, based upon the Federal Employers' Liability Act, which judgment was affirmed by this Court, in *Pritt* v. *West Virginia Northern Railroad Company*, 132 W. Va. 184, 51 S. E. (2d) 105, and certiorari thereto denied by the Supreme Court of the United States.

The notice of motion avers that the Supreme Court of Appeals of West Virginia, in its written opinion affirming the judgment of the Circuit Court of Preston County in defendant's favor held that the compensation award to defendant was void inasmuch as defendant, at the time he was injured, was employed in interstate commerce and therefore was not subject to the workmen's compensation act.

The notice further avers that "the undersigned", evidently referring to the signature of "Curtis B. Trent, Jr." was not informed by defendant of the commencement of the defendant's action for damages, but obtained knowledge thereof after the decision of this Court in the law action; and further, the notice alleges, that on June 2, 1949, "the commissioner" by registered letter addressed to defendant, requested that the said sum of $4,376.54 be repaid to the workmen's compensation fund of West Virginia, but to the present time such repayment has not been made.

And, finally, the notice alleges that there is due from the defendant to "the undersigned" the sum of $4,376.54, with interest thereon, which the defendant "in equity and good conscience, and, therefore, by contract" is obliged to repay, said sum having been paid by plaintiff by mistake and misconception as to the law governing defend-

ant's employment at the time defendant was injured, and mistake of fact as to the nature of defendant's then employment.

An affidavit, setting forth the items of plaintiff's claim, attached to the notice, states that "Curtis B. Trent, Jr., Compensation Commissioner for the State of West Virginia" personally appeared before the notarizing officer and took oath as to the matters contained in the affidavit. Both the motion and affidavit are signed by the state compensation commissioner as "Curtis B. Trent, Jr.".

The return of the Sheriff of Preston County shows that the notice of motion for judgment with the affidavit attached was served on the defendant, George W. Pritt, by delivering to him in person a copy thereof in Preston County, so that the jurisdiction of the Circuit Court of Preston County to entertain the instant proceeding was not dependent upon the validity of the attachment and the action of the circuit court in quashing the attachment did not affect the pendency of the proceeding. Under the holding of this Court in *Marks* v. *Mitchell*, 90 W. Va. 702, 111 S. E. 763, the order of the circuit court in quashing the attachment being final, the court's ruling in regard thereto does not present a certifiable question, but as the jurisdiction of the circuit court to entertain plaintiff's notice of motion for judgment was not dependent upon the validity of the attachment, the court's rulings on the demurrer to the notice are properly before us on this certificate.

The circuit court certified to this Court the following questions:

"1. Is the cause of action set forth in the notice of motion in this case such an equitable or moral claim that it is not a contractual claim in law such that this motion can be made thereon?

"2. Does the notice of motion for judgment properly set forth such a legal cause of action in contract as will enable the plaintiff to proceed thereon by such motion?

"3. Does the notice of motion improperly assert the claim upon which the action is based as

being for recovery of a payment erroneously made by mistake in law, or erroneously made by mistake in fact?

"4. Does the notice of motion for judgment show a right of recovery in contract, as required by the Code, [56-2-6] for this kind of proceeding, or does it sound in tort so that the action cannot be maintained by motion?

"5. Is the affidavit which attempts to support the order of attachment sufficient in law, either as to form or substance, and is the order of attachment sufficient, either in form or substance?"

A preliminary question suggested by this record is the formal sufficiency of the notice with the affidavit attached. In this regard we have noted that the plaintiff has signed both the notice and the affidavit in his individual name as "Curtis B. Trent, Jr.". Only once in the body of the notice is he referred to as "the Commissioner", but in the title of the case the plaintiff is designated as "The State Compensation Commissioner." The notice clearly informed the defendant that the money sought to be recovered in the proceeding was money mistakenly paid to the defendant out of the workmen's compensation fund. In the body of the affidavit the plaintiff is designated as "Curtis B. Trent, Jr., Compensation Commissioner for the State of West Virginia." Clearly, in our opinion, an over-all reading of the notice and accompanying affidavit indicates that the instant claim is being prosecuted by the state compensation commissioner, acting for the State of West Virginia and in protection of the workmen's compensation fund. To the effect that an affidavit attached to and served with a notice of motion for judgment may be used to supplement the notice, see *Peoples State Bank of Crown Point v. Jeffries,* 99 W. Va. 399, 129 S. E. 462.

As heretofore indicated the fifth of the certified questions, which involves the sufficiency of the attachment, affidavit and order, is not, under the holding in *Marks* v. *Mitchell, supra,* properly before this Court on certificate, and we are not at liberty to decide it.

The first, third and fourth certified questions involve the question whether it is necessary that the instant notice contain such allegations as would support a right to recovery on contract, and, if so, has that requirement been met in this proceeding?

This proceeding was not brought under Code, 56-2-6, as amended by Chapter 18, Acts of the Legislature, 1931, which provides for motion for judgment on contract, and permits an affidavit of claim to be filed with the notice which if filed must be served upon the defendant at the same time and in the same manner as the notice is served. The plaintiff brought this proceeding, as was proper, under Code, 14-1-1 and 2, in the Circuit Court of Preston County. (See Revisers' notes to Section 2.) Section 1 thereof provides that "The auditor or any other officer or body authorized by law shall cause the proper proceedings to be instituted and prosecuted to enforce payment of any debt or liability due the state." Section 2 thereof provides, in part, that "When the proceeding is at law, it may be by motion on twenty days' notice, or by action." Neither of these sections requires that the affidavit be attached to and served upon the defendant as provided by Code, 56-2-6, as amended by Chapter 18, Acts of the Legislature, 1931. But the affidavit in the instant case, though not required, having been attached to the notice and served upon the defendant, has been referred to in order to supplement the notice of motion. In *State* v. *Baltimore & Ohio Railroad Co.,* 41 W. Va. 81, 91, point 1, Syllabus, 23 S. E. 677, this Court held that "A motion under chapter 35 of the Code [Warth's Code of West Virginia 3rd Ed., 1891, Chapter 35] [Code, 14-1] will not lie to recover taxes assessed under section 67, Chapter 20 [29] [Warth's Code of West Virginia 3rd Ed., 1891, Chapter 29] upon the property of a railroad company." And in point 2, Syllabus "Where the statute provides a mode for the collection of taxes no suit lies therefor unless allowed by statute." But in the recent case of *State* v. *Penn Oak Oil & Gas Co., Inc.,* 128 W. Va. 212, 214, 36 S. E. (2d) 595, 597, in which this Court had under consideration Code, 14-1-2, in connection with the question whether a notice of motion for judg-

ment under that section of the Code may be employed only to recover money due on contracts, the Court held that the trial court properly overruled a demurrer to the notice of motion brought for the purpose of collecting an excise tax and penalties claimed by the State. The pertinent paragraph of the last-mentioned case reads: "Defendant filed its demurrer to the notice of motion, contending that inasmuch as a notice of motion can only be employed to recover money due on contract, it was improper to pursue this remedy to collect the tax and penalties claimed. Generally speaking, we think this contention would be well taken as between private litigants, but Code, 14-1-2, referring to the collection of claims due the State, provides: 'When the proceeding is at law, it may be by motion on twenty days' notice, or by action; * * *'. The trial court, we think, properly overruled this demurrer." The holding in the *Penn Oak* case seems to dispose of certified questions one, three and four.

The instant motion was brought to recover money belonging to a state agency mistakenly paid to the defendant and retained by him. We need not decide the question whether Code, 14-1-2, in its provisions is broad enough to include a proceeding or action sounding in tort because, in the instant case, plaintiff is seeking to recover a liquidated sum, owing and wrongfully withheld, and plaintiff's cause of action is based upon a contract implied in law. *Plate* v. *Durst*, 42 W. Va. 63, 24 S. E. 580; *Blue Creek Development Company* v. *Howell*, 101 W. Va. 748, 133 S. E. 699; *Johnson* v. *National Exchange Bank of Wheeling*, 124 W. Va. 157, 19 S. E. (2d) 441. If the money sought to be recovered was, as the instant notice alleges, mistakenly paid to defendant, who refuses to return it after demand, the right of recovery is clear under Code, 14-1-2, whether the payment was erroneously made by mistake in law or mistake in fact, as certified question No. 3 poses, or as alleged in the instant notice of motion was erroneously made by mistake both in law and in fact.

As held by this Court in the case of *Pritt* v. *West Virginia Northern Railway Co.*, 132 W. Va. 184, 51 S. E. (2d)

105, the plaintiff in that case, who is the defendant in the instant proceeding, was engaged in work involving interstate commerce, and therefore subject to the benefits of the Federal Employers' Liability Act, Section 1, et seq., as amended by 45 U.S.C.A., Section 51, et seq., and not being an employee within the meaning of the West Virginia Workmen's Compensation Act, Code, 23-2-10, the award of compensation to him was held to be void for the reason that the commissioner had no jurisdiction in the matter. It follows that the award is not a bar to recovery in the instant proceeding. In *Mathews, State Compensation Commissioner* v. *Dale,* 118 W. Va. 303, 190 S. E. 338, this Court held in pt. 1 of the syllabus that "Where an award of compensation is secured through a fraudulent misrepresentation, and money paid thereon, the Compensation Commissioner is a proper plaintiff in a suit to recover the same." In that case, where the order of award was voidable because of fraud, this Court held that the state compensation commissioner could recover money paid thereunder in a suit in equity, so in the instant case, because the state compensation commissioner had no jurisdiction to entertain Pritt's claim for compensation, we hold the award is void and is not a bar to this proceeding.

For the foregoing reasons we reverse the ruling of the Circuit Court of Preston County in sustaining defendant's demurrer to plaintiff's notice of motion, and remand this case without consideration of the court's action in quashing the attachment, affidavit and order.

*Rulings reversed.*