16756

McCANTS v. WEST VIRGINIA PULP & PAPER CO.

(76 S. E. (2d) 614)

*Messrs. Waring & Brockington,* of Charleston, *for Appellant,*

*Mr. J. Shepherd Thompson,* of Georgetown, *for Respondent,*

June 24, 1953.

Stukes, Justice.

The respondent, employee of the appellant, was awarded workmen's compensation which was affirmed by the Industrial Commission on February 24, 1952. The employer appealed to the Court of Common Pleas which affirmed by order dated and filed on July 7, 1952. It held that, quoting, "the exceptions should be dismissed and that the award of the Commission should be affirmed and made the judgment of this Court." Upon filing the Clerk of Court sent certified copies to counsel for the litigants. Within ten days thereafter appellant served notice which recited that it appealed to this court, quoting from the notice "from the order dismissing exceptions of the defendant-appellant issued by the Honorable William H. Grimball, Judge of the Ninth Judicial Circuit, dated July 7, 1952, and from any judgment entered or to be entered thereupon."

There was no formal entry of judgment by the respondent and appellant did nothing to perfect its appeal. On November 21, 1952, respondent moved to dismiss the appeal to this court upon the ground of the failure of appellant to serve proposed case and exceptions. Sec. 7-406, Code of 1952. This was resisted by appellant which took the position, in the trial court and here, that it was not required to perfect its appeal until after formal entry of judgment. The appeal was dismissed by the lower court by order dated January 14, 1953, whence the instant appeal.

The case is thus within narrow compass and depends upon the construction of section 72-357, Code of 1952, of the Workmen's Compensation Law. It provides as follows:

"Any party in interest may file in the court of common pleas of the county in which the injury occurred a certified copy of a memorandum of agreement approved by the Commission, an order or decision of the Commission, an award of the Commission unappealed from or an award of the Commission affirmed upon appeal, whereupon such court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though such judgment had been rendered in a suit duly heard and determined by such court. * * *"

The award of the Commission, exceptions thereto upon appeal and order of the court thereupon constitute, without further formality or entry, the "judgment roll" as that term is used in the portion of Sec. 72-357 which we have not quoted and to which reference may be had. Nothing in the statute, which governs, expressly or impliedly requires entry by counsel as is the practice in the case of a judgment at law upon verdict. The proceeding is more like a decree in equity upon a master's report. In the case at bar, the order of the court which overruled appellant's exceptions to the award of the Commission was the judgment contemplated by the statute, as follows: "* * * An award of the Commission affirmed upon appeal, whereupon such court shall render judgment in accordance therewith and notify the parties." That was done in this case and it fully complied with the terms of the statute. The court cannot require more without adding to the statute.

Appellant cites and relies upon decisions which were rendered before enactment of the present Sec. 7-5 of the Code of 1952. Under it, if the order of the Court of Common Pleas should be likened to a verdict, it was at once appealable and, having served notice of appeal to this court, appellant was bound to proceed upon the schedule which is fixed by the statutes governing such appeals.

470

The following helpful quotation is from the opinion in *Spartan Mills v. Law*, 186 S. C. 61, 194 S. E. 653, 655: "This appeal is from a decree in equity and is a final determination of the rights of the parties. The decree of Judge Sease orders judgment for the respondents, which decree is a judgment. 'The judgment issues from the court not from the attorneys or the clerk.' *Clark v. Melton*, 19 S. C. 498. As stated in the *Sherbert case*, [*Sherbert v. School District*], *supra* [169 S. C. 191, 168 S. E. 391], respondent's point is more technical than substantial. Supreme Court rule 4, par. 3, provides that the 'nature of the order of judgment appealed from' should be set forth, but the rule does not provide that the entry of the judgment is required. Nor does section 781, Code of Laws of 1932, require the entry of the judgment, but only refers to 'an order, decree or judgment granted or rendered.' The entry of a judgment is merely a ministerial act and for the purposes of notice, lien, and enforcement."

The exceptions are overruled.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.