### 21431

Mary Geneva ELLIS, Appellant, v. SPARTAN MILLS and Liberty Mutual Insurance Company, Respondents.

(277 S. E. (2d) 590)

*James R. Turner and Robert S. French, Thomason &
French,* Spartanburg, *for appellant.*

*Elford H. Morgan and Stanley T. Case, Butler, Means,
Evins & Browne,* Spartanburg, *for respondents.*

April 20, 1981.

HARWELL, Justice:

Mary Geneva Ellis brought this Workmen's Compensation action, alleging that she sustained an accidental injury to her back while performing services related to her employment as a loom operator for Spartan Mills. The matter was initially heard by a single industrial commissioner who found that Ellis had sustained a compensable injury under Section 42-1-160, Code of Laws of South Carolina (1976), and who accordingly awarded her compensation for the injury. On review, the full Industrial Commission in a split decision affirmed the decision of the single commissioner. Spartan Mills and its insurance carrier, Liberty Mutual Insurance Company, appealed to the circuit court. The circuit court judge then reversed the commission, having concluded that the evidence was insufficient to support the findings and award. Ellis has appealed to this Court; she contends that evidence sufficient to support the decision of the commission is contained in the record and that the trial judge therefore erred. We agree and reverse the trial judge.

> The burden is on the claimant to prove such facts as will render the injury compensable within the provisions of the State Workmen's Compensation Law. *Riley v. South Carolina State Ports Authority,* 253 S. C. 621, 172 S. E. (2d) 657 (1970) ; cf., *Glover v. Rhett Jackson Company of Bush River Road,* S. C., 267 S. E. (2d) 77

(1980). The Industrial Commission must find the facts in accordance with the sound discretion assigned it in these matters and the courts will not disturb conclusions reached by the Commission unless they are "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record," Section 1-23-380(g) (5) of the Code. We recently adopted this "substantial evidence" standard of review in place of our "any competent evidence" standard in deference to the clear mandate of the State Administrative Procedures Act, Sections 1-23-310 *et seq.* of the Code. *Lark v. Bi-Lo, Inc.,* S. C., 276 S. E. (2d) 304 (1981).

The substantial evidence rule promulgated by *Lark* is, however, tempered by cautionary language which is intended to constrain application of the rule only to those cases where a manifest or gross error of law has been committed by the administrative agency. As stated in *Lark,* substantial evidence is something less than the weight of the evidence; the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. We stated in *Law v. Richland County School District No. 1,* 270 S. C. 492, 243 S. E. (2d) 192 (1978) that:

" 'Substantial evidence' is not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action."

Although the "substantial evidence" test was not applied below, we have done so on appeal to this Court and conclude that the circuit judge erred by reversing the majority of the commission.

The record shows that Ellis appeared for work at the mill on the date of the incident, possibly suffering some discomfiture from an undiagnosed source. Nonetheless she performed her work satisfactorily during the morning and had just been assigned to a new station to start

up a loom. Ellis testified that a thread had run off the machine and was lying on the floor. As she bent forward and to her right, twisting her body in an attempt to retrieve the thread, she testified that she felt something "pop" in her back. Ellis's fellow workers heard the outcry and they confirm that she was in severe pain following the outcry. Her treatment ultimately included surgery and she has a permanent partial loss of her back.

While other evidence before the Commission may arguably have raised other inferences as to causation, it is not the task of courts to weigh the evidence as found by the commission. *Lark v. Bi-Lo, Inc.,* supra. Clearly there exists substantial competent evidence in support of the findings in this case.

Respondents argue however that the facts here are similar to the factual context in *Miller v. Springs Cotton Mills,* 225 S. C. 326, 82 S. E. (2d) 458 (1954) wherein this Court held that an internal failure or breakdown of the body structure does not necessarily constitute an injury by accident. In *Miller,* worker's knee collapsed as she rose from a table following lunch. The failure of the knee to function properly caused the worker to nearly fall; the near fall did not cause the knee to collapse but rather resulted from the prior collapse. Thus in *Miller* no accident occurred.

The facts as found by the commission in this action reveal that Ellis suffered her injury when she twisted her back. Here, the injury resulted from the work activity. There was no spontaneous breakdown. As stated in *Hiers v. Brunson Construction Company,* 221 S. C. 212, 70 S. E. (2d) 211 (1952):

The adjective 'accidental' qualifies and described the injuries contemplated by the statute as having the quality or condition of happening or coming by chance or without design, taking place unexpectedly or unintentionally. If one becomes ill while at work from natural causes, the state or condition is not accidental since it is a natural result or consequence and might be termed normal and to be expected. If, however, there is a subsisting condition of illness or incapaci-

ty or physical disability which is caused, increased, or accelerated by some act or event coming by chance or happening fortuitously, then the requisite quality or condition of the injury will exist so as to make it accidental. Neither is it necessary that the accidental quality or condition be created by wound or external violence." 70 S. E. (2d) at 219-220.

We believe that appellant's injury is defined by the *Hiers* language. We therefore conclude that the trial judge erred by setting aside the Commission's opinion and order.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.