THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Wesley Evans, Employee, Respondent,
 
 
 

v.

 
 
 
 COMTRAK, Inc., Employer, and Great West Casualty Co., Inc., Appellants.
 
 
 

Appeal From Charleston County
 Thomas L. Hughston, Jr., Circuit Court Judge

Unpublished Opinion No. 2007-UP-014
Submitted January 1, 2007  Filed January 11, 2007

AFFIRMED

 
 
 
 Darryl D. Smalls, of Columbia, for Appellants.
 Daniel A. Beck, of Charleston, for Respondent.
 
 
 

PER CURIAM:  COMTRAK, Inc. (COMTRAK), and Great West Casualty Company, Inc. (Carrier)[1] appeal the circuit courts order entering judgment in favor of Wesley Evans (Evans) for payment of workers compensation benefits.  We affirm.[2]
FACTS
On January 27, 2004, Evans was injured in a motor vehicle accident while driving a truck for COMTRAK.  Evans sought temporary total and permanent partial disability benefits for injuries sustained to his head, shoulder, left arm, neck, and back.  COMTRAK denied the claim asserting Evans was an independent contractor and not an employee.  
The single commissioner entered an order on December 21, 2004, in which he found Evans was an employee and entitled to benefits.  The commissioner awarded temporary total disability benefits from the date of the injury until October 24, 2004, the date on which Evans reached maximum medical improvement, and ordered payment of all causally-related medical expenses.  The commissioner assigned Evans a forty percent permanent partial disability rating to his left upper extremity and awarded him the requisite benefits. 
COMTRAK appealed to the Appellate Panel.  By order dated July 7, 2005, the Appellate Panel unanimously affirmed the decision of the single commissioner and adopted his order in its entirety. 
During the pendency of COMTRAKs appeal to the circuit court, Evans moved for an entry of judgment for payment of his awarded benefits.  Without a hearing, the circuit court entered judgment on September 16, 2005.  This appeal followed.
DISCUSSION
COMTRAK argues the circuit court erred in issuing the order of judgment.  Specifically, COMTRAK asserts an entry of judgment is inappropriate and unnecessary because it has been making weekly benefit payments and has the financial ability to continue these payments.
In support of its argument, COMTRAK relies on section 42-17-70 of the South Carolina Code.  This section provides:

 Any party in interest may file in the court of common pleas of the county in which the injury occurred a certified copy of a memorandum of agreement approved by the Commission, an order or decision of the Commission, an award of the Commission unappealed from or an award of the Commission affirmed upon appeal, whereupon such court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though such judgment had been rendered in a suit duly heard and determined by such court. But if the judgment debtor shall file a certificate duly issued by the Commission, showing compliance with § 42-5-20,[3] with the clerk of the court in the county in which such judgment is docketed, such clerk shall make upon the judgment roll an entry showing the filing of such certificate which shall operate as a discharge of the lien of such judgment and no execution shall be issued thereon. But if at any time there is default in the payment of any installment due under the award set forth in such judgment the court may, upon application for cause and after ten days notice to the judgment debtor, order the lien of such judgment restored and execution or other proper process may be immediately issued thereon for past-due installments and for future installments as they may become due.

S.C. Code Ann. § 42-17-70 (1985) (emphasis added).  
From what we can glean from the scant record and the parties briefs, the only point of contention is whether a judgment should have been entered to ensure COMTRAKs obligation to make weekly payments through Carrier for Evans awarded benefits.  Both parties agree that COMTRAK was required by statute and case law interpreting the applicable statutes to pay Evans weekly benefits after the Appellate Panels award.  See S.C. Code Ann. § 42-17-60 (Supp. 2005) (In case of an appeal from the decision of the commission on questions of law, the appeal does not operate as a supersedeas and thereafter the employer is required to make payment of the award involved in the appeal or certification until the questions at issue have been fully determined in accordance with the provisions of this title.); Case v. Hermitage Cotton Mills, 236 S.C. 515, 533, 115 S.E.2d 57, 66 (1960) (We construe Section 72-356 (precursor to section 42-17-60) as requiring payment, after the expiration of the thirty-day supersedeas period and during the pendency of the employers appeal to the circuit court . . . not of such additional amounts, but only of the weekly compensation accruing after the date of the Commissions award.); McLeod v. Piggly Wiggly Carolina Co., 280 S.C. 466, 472, 313 S.E.2d 38, 41 (Ct. App. 1984) (Sections 42-17-60 and 42-17-70 allow the payment of weekly compensation accruing after the date of the Commissions award.).    
Because Evans claimed that COMTRAK was not fulfilling its payment obligation, he was within his right, pursuant to section 42-17-70, to move for the circuit court to enter judgment after the Appellate Panel issued its order.  Pursuant to the statutory mandate, the court properly entered judgment based on Evans motion.  
Although COMTRAK places great significance on the entry of this judgment, our appellate courts have characterized the statutorily-mandated entry of judgment as ministerial rather than judicial.  Thus, it is important to note the entry of the judgment has no affect on the merits of the underlying award of benefits claim.  See Wall v. C. Y. Thomason Co., 232 S.C. 153, 156, 101 S.E.2d 286, 288 (1957) (discussing section 72-357 (precursor to section 42-17-70) and stating [t]he language of the section is mandatory; and the rendition of judgment in such case is ministerial rather than judicial, for the award is subject to review only by the appeal procedure . . . .); McCants v. West Virginia Pulp & Paper Co., 223 S.C. 467, 470, 76 S.E.2d 614, 616 (1953) (discussing section 72-357 and stating [t]he entry of a judgment is merely a ministerial act and for the purposes of notice, lien, and enforcement). 
Given that Evans was within his statutorily-created right to move for a judgment, we fail to see what remedy this court can provide for COMTRAK.  If COMTRAK is correct in its claim that it has been paying Evans weekly benefits, it may discharge the judgment at issue by presenting to the clerk of court a certificate of compliance issued by the Commission.  If the judgment is discharged and COMTRAK becomes in default in the payment of Evans weekly benefits, Evans may move to have the lien of the judgment restored to secure past-due and future payments.
CONCLUSION
Because the circuit court properly entered judgment in compliance with section 42-17-70, we affirm the courts order.  Our decision, however, should not be construed as expressing any opinion as to the merits of the underlying claim for workers compensation benefits.  We reiterate the entry of judgment is ministerial in nature and is not determinative of any future appeal arising from Evans claim for benefits.  Finally, we emphasize that COMTRAK is not without remedy given it may move to discharge the judgment by filing with the clerk of court a certificate of compliance issued by the Commission.
Accordingly, the order of the circuit court is
AFFIRMED.
ANDERSON, HUFF, and BEATTY, JJ., concur.

[1] Although both parties appeal the circuit courts order, we refer to the Appellants solely as COMTRAK in the interest of clarity and brevity.
[2] Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.
[3]   Section 42-5-20 of the South Carolina Code outlines the requirements for an Employers need for liability insurance or proof of its ability to pay awarded benefits.  This code section provides in pertinent part:  

 Every employer who accepts the provisions of this title relative to the payment of compensation shall insure and keep insured his liability thereunder in any authorized corporation, association, organization, or mutual insurance association formed by a group of employers so authorized or shall furnish to the commission satisfactory proof of his financial ability to pay directly the compensation in the amount and manner and when due as provided for in this title.

S.C. Code Ann. § 42-5-20 (Supp. 2005).